# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2011

No. 10-50456
Summary Calendar

Lyle W. Cayce
Clerk

HERMELINDA GARZA,

Plaintiff-Appellant

v.

NORTH EAST INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
(5:09-CV-274)

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Hermlinda Garza ("Garza"), pro se, appeals the district
court's order granting summary judgment in favor of Defendants-Appellees
North East Independent School District ("School District"), et al.  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-50456

## I.

Garza was once employed as a substitute teacher with the School District. Her employment with the School District was at-will, and terminated after two separate incidents of misconduct, at separate campuses following complaints by two principals, unrelated to one another. In October 2007, at Olmos Elementary School in San Antonio, Garza was removed from the list of eligible substitute teachers after a public and unsubstantiated confrontation with the assistant principal at that school, which Garza initiated. In December 2007, Garza was removed from the list of eligible substitute teachers at Colonial Hills Elementary School, also in San Antonio, after the principal there learned Garza captured pictures of students on her cell phone without the permission of the children's parents, and in contravention of the School District's policy prohibiting the use of cell phones by substitutes. The principal at Colonial Hills, too, requested that Garza's name be removed from the list of substitute teachers. Subsequent and pursuant to these complaints, the School District terminated Garza's employment.

In July 2008, Garza filed a complaint alleging retaliation and discrimination before the Equal Employment Opportunity Commission ("EEOC"). Specifically, Garza alleged that the School District terminated her employment because she is from Mexico. Garza also alleged that the School District retaliated against her for filing a charge of discrimination with the EEOC. In December 2008, the EEOC dismissed the complaint and notified Garza of her right to file a civil complaint in federal district court, which she did in May 2009. After certain individual defendants were dismissed, the matter proceeded against the School District. After extensive discovery and procedural wrangling, in February 2010, the School District moved for summary judgment. The Magistrate Judge issued a Report and Recommendation recommending the grant of the School District's motion. On May 6, 2010, the district court accepted

No. 10-50456

the Report and Recommendation and entered summary judgment in favor of the School District. Garza timely appealed.

## II.

### A.

This court reviews the grant of summary judgment *de novo. Floyd v. Amite Cnty. Sch. Dist.,* 581 F.3d 244, 247 (5th Cir. 2009). Summary judgment is appropriate where, considering all the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Having established the standard of review, we proceed to discuss Garza's claims.

### B.

Discrimination in the workplace based on national origin is prohibited by Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e–2(a)(1) (It is unlawful "to discriminate against any individual with respect to compensation, terms, conditions, privileges or employment, based on such individual's . . . national origin."). In the absence of direct discrimination, as is the case here, in order for Garza's matter to proceed, she must establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (internal citation omitted). To establish a prima facie case of discrimination, Garza must show she: (1) is a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class. *Id.*

Here, the record demonstrates that Garza fails to meet her burden of production, let alone her burden of persuasion. For the purposes of this analysis,

No. 10-50456

we assume that Garza satisfies the first three prongs of the *Turner* framework: that she can be classified as a member of a protected class, that she was qualified to be a substitute teacher, and that her termination was an adverse employment action. However, Garza cannot prove that she was replaced by someone outside the protected class, namely someone not of Mexican origin. Moreover, her argument that she was the victim of discrimination based on national origin is nothing more than a subjective belief—she provides no facts to reinforce her belief. Thus, she has failed to meet her burden of production, as well as her burden of persuasion.

Even if Garza could fulfill all four factors of the *Turner* framework, and thus, establish a presumption of discrimination, the burden would then shift to the School District to rebut the presumption by "articulating a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* Here, the School District could rebut such a presumption. The record shows that both schools had independent, legitimate reasons for abandoning their use of Garza as a substitute teacher, based on Garza's professional behavior. Thus, even if Garza had satisfied her burden of production, and the duty shifted to the School District to rebut the presumption, the School District successfully rebutted the presumption. Because Garza cannot raise a genuine issue of material fact regarding the School District's reasons for the termination, let alone meet her burden of production, the School District was entitled to summary judgment on all issues concerning Garza's national origin discrimination claim, and the district court did not err.

### C.

Garza's alternate claim against the School District is for retaliation. Garza alleges that her termination was in fact retaliation for filing a charge of discrimination with the EEOC. In order to establish a prima facie case of discrimination, Garza must demonstrate that (1) she engaged in activity

4

No. 10-50456

protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).

Here, Garza's complaint with the EEOC suffices as protected activity. 42 U.S.C.A § 2000e-3(a). Her termination is clearly an adverse action, and satisfies the second prong of the *Long* framework for establishing a prima facie case of retaliation. The third prong requires a link between the two. On this element, Garza cannot satisfy her burden of production. While it is true that she was terminated from the School District and filed a complaint with the EEOC, her termination preceded her complaint with the EEOC. The record reveals that Garza did not approach the EEOC with her complaint until more than six months after her termination from Colonial Hills Elementary School. Thus, there can be no causal link between the two as the complaint had not yet occurred at the time of her termination. As such, her claim for retaliation cannot proceed, and summary judgment in favor of the School District was proper on these grounds. Furthermore, Garza's motion for the appointment of counsel to handle the instant appeal is DENIED.

### III.

For the reasons stated above, the judgment of the district court is AFFIRMED.

5